UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMIULLAH SHINWAR d/b/a SWAG SMOKES,<br><br>    Defendant. | Case No. 2:23-cv-0355-CSK<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 24) |

Plaintiff GS Holistic, LLC asserts claims for "Federal Trademark Counterfeiting and Infringement, 15 U.S.C. § 1114" and "Federal False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a)" against Defendant Samiullah Shinwar d/b/a/ Swag Smokes, seeking monetary damages, restitution, an injunction, and other relief. First Amended Complaint ("FAC") (ECF No. 10). Defendant has not made an appearance in this action, and a Clerk's Default was entered on November 3, 2023. (ECF No. 19.) Presently pending before the Court is Plaintiff's motion for default judgment (Pl. Mot., ECF No. 24), which was taken under submission without argument pursuant to Local Rules 230(c) and (g).[1] Plaintiff's motion for default judgment is DENIED without prejudice, and the FAC is DISMISSED with LEAVE TO AMEND.

---

[1] This motion is referred to the undersigned pursuant to Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1)(A).

1

## I.   BACKGROUND

### A.   Facts

The FAC alleges that since 2020, Plaintiff has marketed and sold glass infusers and related accessories using "Stündenglass" trademarks. FAC ¶ 8. Plaintiff has three registered trademarks: (1) Mark 6,633,884 for "the standard character mark 'Stündenglass' in association with goods further identified in registration in international class 011"; (2) Mark 6,174,292 for "the design plus words mark 'S' and its logo in association with goods further identified in the registration in international class 034"; and (3) Mark 6,174,291 for "the standard character mark 'Stündenglass' in association with goods further identified in registration in international class 034."[2] FAC ¶ 11.

Plaintiff has used these Marks in commerce throughout the United States continuously since 2020. FAC ¶ 13. The FAC alleges that products branded with these Marks are "widely recognized nationally and internationally" and "known for high quality and innovation." FAC ¶ 8. The FAC alleges the Marks are famous, distinctive, and popular with consumers, celebrities, and industry professionals. FAC ¶¶ 14, 16, 18-19. The FAC alleges the Marks are exclusive to Plaintiff, clearly displayed on its products, packaging, and advertisements, and the subject of substantial time and money investment for Plaintiff. FAC ¶¶ 15, 17. Plaintiff authorizes stores in the United States to sell products bearing the Marks, which typically sell for a higher price than similar non-branded products. FAC ¶¶ 20-21. Because of the above, the FAC alleges products with these Marks are targeted by counterfeiters, which in turn misleads consumers. FAC ¶¶ 22-23. Plaintiff actively enforces its rights to protect its Marks, often through litigation.

---

[2] The Nice Agreement establishes a classification of goods and services for the purposes of registering trademarks and service marks. Class 11 goods include "apparatus and installations for lighting, heating, cooling, steam generating, cooking, drying, ventilating, water supply and sanitary purposes." Class 34 goods include "tobacco and tobacco substitutes; cigarettes and cigars; electronic cigarettes and oral vaporizers for smokers; smokers' articles; matches." *See* List of Goods and Services in Class Order, Nice Classification Index, accessed July 29, 2024, 3:53 p.m., available at https://nclpub.wipo.int/enfr/.

FAC ¶ 24.

Defendant Shinwar is alleged to be an individual who owns, manages, and operates a business known as "Swag Smokes," a California company/corporation with its principal place of business in Stockton, California. FAC ¶¶ 6-7. The FAC states Defendant has previously offered to sell, has sold, and continues to sell glass infusers bearing reproductions, counterfeits, copies, and/or colorable imitations of Plaintiff's products that are identically branded with, or are substantially indistinguishable from, Plaintiff's goods bearing its Marks. FAC ¶¶ 25-28. Specifically, the FAC alleges that on October 26, 2022, Plaintiff's investigator "purchased a glass infuser with a Stündenglass Mark affixed to it" from Shinwar's store for $270.00. FAC ¶¶ 29-30. The FAC states that "images and/or the physical unit of the product purchased from [Swag Smokes] were inspected by Plaintiff's agent to determine its authenticity," who confirmed the product "was a counterfeit good with an infringing mark affixed to it." FAC ¶ 31. The FAC concludes Defendant Shinwar willfully "authorized, directed, and/or participated" in Swag Smokes's sale of the "Counterfeit Goods" and its infringement of the Marks, which occurred without Plaintiff's authorization and "long after registration" of the Marks. FAC ¶¶ 32-33, 43.

Plaintiff contends it has suffered losses and damage to the goodwill and reputation of the Marks because of Defendant's acts, which "was and is likely to cause confusion, mistake, or deceive consumers who purchase the Counterfeit Goods." FAC ¶¶ 35-36, 42, 44. Plaintiff prays for statutory and treble damages; costs; an order enjoining Defendant's sale of any counterfeit product using Plaintiff's Marks and an order for destruction of products bearing the Marks; an accounting and disgorgement of profits/restitution; among other relief. FAC at 16-18. The FAC prays for joint and several liability between Defendant Shinwar and other, unnamed officers and directors. *Id.*

### B.     Procedural Posture

Plaintiff filed a complaint on February 26, 2023, asserting claims against Swag Smokes for Federal Trademark Counterfeiting and Infringement, 15 U.S.C. § 1114 and

Federal False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a). Compl. (ECF No. 1.) The Clerk of the Court entered default against Swag Smokes, but after Plaintiff requested leave to amend, this default was set aside. (ECF Nos. 5-9.) The FAC was filed on July 18, 2023, and asserts the same claims against Defendant Shinwar d/b/a Swag Smokes. *See* FAC.

On October 5, 2023, Plaintiff filed a proof of summons indicating Defendant Shinwar d/b/a Swag Smokes was served with process on September 6, 2023. (ECF No. 15.) The notice indicates substitute service was made, as the third-party process server left the FAC, summons, and a demand letter, with an employee at Shinwar's place of business after two prior failed attempts to personally serve Shinwar at this location. (*Id.*) The process server asserts he mailed a copy of the same documents to Shinwar's place of business the following day. (*Id.*) Defendant Shinwar did not respond to the FAC or make an appearance. *See* Docket. On October 10, 2023, Plaintiff requested entry of default (ECF No. 18), which was entered by the Clerk on November 3, 2023 (ECF No. 19).

On December 7, 2023, Plaintiff moved for default judgment against Defendant, withdrew it, and requested this filing be stricken. (ECF Nos. 20-21.) Later on December 7, 2023, Plaintiff filed a second motion for default judgment, and again struck this filing as well. (ECF Nos. 22-23.) On December 8, 2023, Plaintiff filed the operative and third motion for default judgment, setting it for a January 23, 2024 hearing before the assigned magistrate judge. Pl. Mot. Plaintiff served the operative motion and exhibits on Defendant by mail at Defendant's place of business. (ECF No. 25.) Defendant did not respond to the motion for default judgment. *See* Docket. On December 27, 2023, the Court issued a minute order taking Plaintiff's motion under submission; vacating the hearing; ordering a written response from Defendant by January 23, 2024; and directing Plaintiff to serve Defendant with a copy of the minute order. (ECF No. 26.) A copy of the minute order was served on Defendant by mail the same day. (ECF No. 27.) Defendant did not respond. *See* Docket. Upon retirement of the assigned magistrate judge, the

case was reassigned to the undersigned. (ECF No. 28.)

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a). However, this default does not automatically entitle the plaintiff to a judgment. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citations omitted). The decision to grant or deny the entry of default judgment is within the district court's discretion. *NewGen, LLC v. Safe Cig, LLC,* 840 F.3d 606, 616 (9th Cir. 2016).

In determining whether to enter default judgment, courts consider the following factors:

1. the possibility of prejudice to the plaintiff;
2. the merits of the substantive claim(s);
3. the sufficiency of the complaint;
4. the amount of money at stake in the lawsuit;
5. whether there are any disputes of material fact;
6. whether the defendant's default was due to excusable neglect; and
7. the strong policy favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The Ninth Circuit has long disfavored default judgments, counseling that cases be decided on the merits "whenever reasonably possible." *Id*. at 1472.

Once a default is entered, all well-pled allegations in the complaint regarding liability are deemed true. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *United States v. Cathcart*, 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010) (citation omitted). "[I]t follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d

1386, 1388 (9th Cir. 1978). Necessary facts not contained in the pleadings and claims which are legally insufficient are not established by default. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). Further, a plaintiff's allegations regarding damages are not deemed true at default, and the plaintiff bears the burden to prove damages with evidence. *See* Fed. R. Civ. P. 55(b)(2)(C); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

## III. DISCUSSION

### A. Jurisdiction

When default judgment is sought, the "district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (citations omitted). The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under federal trademark law, 15 U.S.C. § 1051, et seq. In addition, the Court has personal jurisdiction over Defendant Shinwar, who is alleged to be a California resident. FAC ¶ 6. The Court's jurisdiction analysis is not a finding that the claims were sufficiently pled.

### B. Default Judgment

#### 1. Service of Complaint

In reviewing a motion for default judgment, the Court must determine whether Defendant was properly served with the summons and complaint. Fed. R. Civ. P. 4(c). Under California law, substitute service of process may be had after personal service has failed by "leaving a copy of the summons and complaint" with a competent individual at the person's usual place of business, then mailing a copy of the summons and complaint to the same address. Cal. Civ. P. § 415.20.

Here, a third-party process server attempted to serve Defendant Shinwar with process on August 31 and September 2, 2023, but was told both times Shinwar was not available. (ECF No. 15.) On September 6, 2023, the process server left a copy of the summons and FAC with an employee at Swag Smokes. (*Id.*) The process server mailed the same documents to Swag Smokes the following day. (*Id.*) Accordingly, Defendant

was properly served through substitute service. See Cal. Civ. P. § 415.20.

### 2. *Eitel* Factors

Turning to the asserted claims, Plaintiff's first claim is stated as one for "Federal Trademark Counterfeiting and Infringement" under 15 U.S.C. § 1114. FAC at 12-14. The FAC also alleges a claim for "Federal False Designation of Origin and Unfair Competition" under 15 U.S.C. § 1125(a). FAC at 14-16. The Court has carefully reviewed the FAC and finds it deficient because, under the *Eitel* factors, the second and third factors are not established. These two factors—the merits of the claims and the sufficiency of the complaint—are often analyzed together. *Stockfood Am., Inc. v. Sequoia Wholesale Florist, Inc.*, 2021 WL 4597080, at *3 (N.D. Cal. June 22, 2021), report and recommendation adopted, 2021 WL 4595128 (N.D. Cal. Oct. 6, 2021). This is sufficient grounds for denying a motion for default judgment. *See GS Holistic, LLC v. Ravens Smoke Shop*, Inc., 2023 WL 5504964, at *3 (C.D. Cal. July 10, 2023) ("[T]he Court may render judgment based on an assessment of the second and third *Eitel* factors alone.").

#### a) *Trademark Infringement and Counterfeitting*

To state a claim for trademark infringement, a plaintiff must adequately allege it is the owner of a valid, protectable mark, and the alleged infringer is using a similar mark that is likely to confuse. *See Grocery Outlet Inc. v. Albertson's Inc.*, 497 F.3d 949, 951 (9th Cir. 2007). Courts determine the likelihood of confusion by considering: (1) the strength of the mark; (2) the proximity of the goods; (3) the similarity of the marks; (4) the evidence of actual confusion; (5) the marketing channels used; (6) the type of goods and degree of care consumers are likely to exercise in purchasing them; (7) the intent of the defendant in selecting the mark; and (8) the likelihood that the parties will expand their product lines. *Lodestar Anstalt v. Bacardi & Co. Ltd.*, 31 F.4th 1228, 1252 (9th Cir. 2022) (*citing AMF Incorporated v. Sleekcraft Boats*, 599 F.2d 341, 348-54 (9th Cir. 1979) (*abrogated on other grounds by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792 (9th Cir. 2003))). When analyzing a claim brought under a counterfeiting theory, courts

need not engage in a likelihood of confusion analysis because a defendant who "deliberately copies the dress of his competitors already in the field . . . raises a presumption that customers will be deceived." *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 946 (9th Cir. 2011) (citations omitted). Instead, courts examine whether the defendant used a non-genuine mark identical to or substantially indistinguishable from the plaintiff's registered, genuine mark, and the genuine mark was registered for use on the same goods to which the infringer applied the non-genuine mark. *Id.*

Here, the FAC adequately alleges the existence of one or more valid trademarks to support Plaintiff's § 1114 infringement/counterfeit claim. The FAC alleges Plaintiff owns three registered trademarks: (1) Mark 6,633,884 for "the standard character mark 'Stündenglass' in association with goods further identified in registration in international class 011"; (2) Mark 6,174,292 for "the design plus words mark 'S' and its logo in association with goods further identified in the registration in international class 034"; and (3) Mark 6,174,291 for "the standard character mark 'Stündenglass' in association with goods further identified in registration in international class 034." FAC at ¶ 11(a)-(c). Registration of a mark on the Principal Register in the Patent and Trademark Office constitutes prima facie evidence of the validity of the registered mark. *Applied Info. Scis. Corp. v. eBAY, Inc.*, 511 F.3d 966, 970 (9th Cir. 2007).

However, even accepting all well-pled factual allegations as true as required for default judgment motions, the FAC does not allege sufficient facts to support plausible allegations that Defendant used Plaintiff's Marks in an infringing or counterfeiting manner.

First, the FAC lacks sufficient factual allegations to plausibly conclude Defendant used Plaintiff's Marks. The FAC states that on October 26, 2022, Plaintiff's investigator "purchased a glass infuser with a Stündenglass Mark affixed to it" from Defendant Shinwar's store for $270.00. FAC ¶¶ 29-30. However, the FAC references three registered Marks (FAC at ¶¶ 11(a)-(c)) and does not indicate whether one, two, or all of

these Marks were applied to the infuser purchased at Shinwar's store. If more than one mark, Plaintiff has not explained how one product can bear trademarks associated with two different international classes of goods. Plaintiff's motion for default judgment is no help either, as it simply states Defendant used "three of the Plaintiff's trademarks with the Registration Numbers 6,633,884, 6,174,292 and 6,174,291[.]" Pl. Mot. at 20. Thus, the FAC is deficient for lack of necessary facts. *See DIRECTV*, 503 F.3d at 854; *see also GS Holistic, LLC v. J's Smoke Shop*, 2024 WL 1054899, at *2 (E.D. Cal. Mar. 11, 2024) (denying motion for default judgment where, among other things, plaintiff failed to specify which of its three trademarks was used); *GS Holistic, LLC v. Pudasaini,* 2024 WL 710890, at *4 (N.D. Cal. Feb. 21, 2024) (same); *GS Holistic, LLC v. Bubbles Smoke Shop*, 2023 WL 6787773, at *3 (C.D. Cal. Sept. 5, 2023) (same).

Second, the FAC states "images and/or the physical unit of the product purchased from [Swag Smokes] were inspected by Plaintiff's agent to determine its authenticity," who confirmed the product "was a counterfeit good with an infringing mark affixed to it." FAC ¶ 31. But this statement provides no detail as to the process the agent used to confirm the similarities of the trademarks. If, as other courts have noted, Defendant is merely reselling Plaintiff's products, this would not be infringement. *See GS Holistic, LLC v. Ravens Smoke Shop, Inc.*, 2023 WL 5504964, at *5 (*citing NEC Electronics v. CAL Circuit Abco*, 810 F.2d 1506, 1509 (9th Cir. 1987) (noting that the sale of a genuine trademarked product by an unauthorized seller is not a violation of the Lanham Act)); *see also GS Holistic, LLC v. Bubbles Smoke Shop*, 2023 WL 6787773, at *5 (same). Further, mere assertions that the infuser sold at Shinwar's store is "a counterfeit good with an infringing mark" are conclusory and not taken as true. *See Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009) (the court is not required to accept as true legal conclusions in a complaint "merely because they are cast in the form of factual allegations"); *see also GS Holistic, LLC v. Cigarette Outlet Smoke Shop*, 2024 WL 519783, at *2 (E.D. Cal. Feb. 9, 2024) (denying plaintiff's motion for default judgment for, among other reasons, the complaint's reliance on conclusory statements that "the Glass

9

Infuser [defendant] sold to Plaintiff's investigator was a Counterfeit Good with an Infringing Mark affixed to it").

Third, though the FAC alleges Defendant's "use of the counterfeit Stündenglass Trademarks began long after the registration" (FAC at ¶ 33), it does not allege when this allegedly began—much less provide any other details about Defendant's allegedly infringing actions. The Court cannot supply necessary facts that are omitted from the FAC. *DIRECTV*, 503 F.3d at 854; *see also GS Holistic, LLC v. Puff+ LLC*, 2024 WL 659362, at *3 (E.D. Cal. Feb. 16, 2024) (rejecting the plaintiff's default judgment motion where the complaint lacked details on the defendant's alleged use where only one instance was alleged); *GS Holistic, LLC v. Ashes Plus Nine*, 2023 WL 5993055, at *4 (N.D. Cal. Aug. 25, 2023) (same).

Fourth, the FAC does not allege sufficient facts to support a plausible claim for infringement as regarding a consumer's likelihood of confusion. The FAC contains no photographs or product descriptions demonstrating the similarities between the marks; no allegations of actual confusion; no description of the marketing channels used; and no description of the degree of care consumers are likely to exercise in purchasing the goods. Instead, the FAC makes only conclusory statements, such as that Defendant's "unauthorized use of counterfeit marks of the registered Stündenglass Trademarks . . . is likely to cause confusion or mistake in the minds of the public." FAC ¶ 56. Such conclusory allegations lacking in factual support are insufficient for the purposes of default judgment. *See Paulsen*, 559 F.3d at 1071; *DIRECTV*, 503 F.3d at 854; *see also GS Holistic, LLC v. Bubbles Smoke Shop*, 2023 WL 6787773, at *4 (denying default judgment because the complaint failed to allege facts supporting a *Sleekcraft* analysis and relied on conclusory statements about the likelihood of confusion). While Plaintiff's motion makes passing reference to the *Sleekcraft* factors and provides photographs (*see* Pl. Mot. at 15 and ECF No. 24-2), there is no effort to apply the applicable legal standards to this case. *See GS Holistic, LLC v. Linda*, 2023 WL 8878140, at *3 (E.D. Cal. Dec. 22, 2023) (denying motion for default judgment where, among other things, the

motion relied on similarly conclusory assertions about the likelihood of confusion).

Fifth, as to the alleged sale of a counterfeit good, the FAC fails because it never describes the similarities of the marks. Instead, the FAC relies on wholly conclusory statements such as that "[t]he marks affixed to the Counterfeit Goods that the Defendants have offered for sale are spurious marks which are identical with, or substantially indistinguishable from, the Stündenglass Trademarks," and that "[t]he marks on the Counterfeit Goods are in fact counterfeit marks as defined in 15 U.S.C. § 1116(d)." FAC ¶ 28. Nor does the FAC explain the types of goods Defendant has sold in the past, other than one glass infuser sold to its investigator in October of 2022. FAC ¶¶ 29-30. Thus, the FAC is deficient on Plaintiff's counterfeit theory as well. *See Louis Vuitton*, 658 F.3d at 946 (reminding that a 'counterfeit' analysis requires analysis of whether the defendant used "a non-genuine mark identical to or substantially indistinguishable from the plaintiff's registered, genuine mark," and the genuine mark was registered for use on the same goods to which the infringer applied the non-genuine mark); *see also GS Holistic, LLC v. J's Smoke Shop*, 2024 WL 1054899, at *2 (rejecting counterfeit theory on default judgment motion because of the complaint's failure to allege facts supporting the claim and otherwise reliance on conclusory assertions that defendant's goods were counterfeit).

Therefore, the FAC fails to sufficiently plead facts supporting the trademark infringement and counterfeit claim and fails on the merits.

         b)  *False Designation of Origin and Unfair Competition*

To establish a claim for false designation of origin under 15 U.S.C. § 1125(a), a plaintiff must show defendant used a false designation of origin in interstate commerce that is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of defendants' goods or services. *Freecycle Network, Inc. v. Oey*, 505 F.3d 898, 902 (9th Cir. 2007). Claims for false designation of origin, as a type of unfair competition claim, are analyzed similarly to infringement claims because the "ultimate test" for these claims are the same: the public's likelihood of confusion. *Jada Toys, Inc.*

*v. Mattel, Inc.*, 518 F.3d 628, 632 (9th Cir. 2008) (using the same likelihood of confusion test to analyze trademark infringement and false designation of origin claims); *see also Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999) (considering false designation of origin claim as one of "unfair competition"); *Champions Golf Club, Inc. v. The Champions Golf Club, Inc.*, 78 F.3d 1111, 1122-23 (6th Cir. 1996) ("[F]alse designation is simply a species of unfair competition.") (*citing McCoy v. Mitsuboshi Cutlery, Inc.*, 67 F.3d 917, 923 (Fed. Cir. 1995)).

Here, the Court has already determined the FAC is deficient on the likelihood of confusion element for the infringement claim. Plaintiff relies on the exact same allegations for its false designation of origin claim. Pl. Mot. at 13-16. Thus, the result is the same for the false designation of origin claim brought under 15 U.S.C. § 1125(a). *See Jada*, 518 F.3d at 632; *see also GS Holistic, LLC v. J's Smoke Shop*, 2024 WL 1054899, at *3 (denying default judgment motion on plaintiff's false designation claim on the same grounds as on the infringement claim—for failure of the complaint to state sufficient claims and failure on the merits); *GS Holistic, LLC v. Puff N Go Gift Shop LLC*, 2023 WL 4146232, at *5 (N.D. Cal. June 22, 2023) (same).

### c)  Other Issues with Plaintiff's Complaint

In addition to the FAC's deficiencies regarding the alleged infringing products, the Court is troubled by Plaintiff's conclusory assertions that Defendant Shinwar and other, unnamed individuals are personally liable for the asserted damages. *See* FAC at 14-16.

"A corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf." *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823 (9th Cir. 1996). However, cases in the Ninth Circuit imputing personal liability on corporate officers "have typically involved instances where the defendant was the 'guiding spirit' behind the wrongful conduct" or "the 'central figure' in the challenged corporate activity." *Wolf Designs, Inc. v. DHR Co.*, 322 F. Supp. 2d 1065, 1072 (C.D. Cal. 2004) (*quoting Davis v. Metro Prods., Inc.*, 885 F.2d 515, 524 (9th Cir.

12

1989)).

Here, Plaintiff's allegations of personal liability for Shinwar and other officers and directors are wholly conclusory. The FAC alleges Shinwar "owned, managed, and/or operated [Swag Smokes], and regularly exercised the authority to purchase products for resale, decide which products [Swag Smokes] offered for sale, to hire and fire employees, and controlled the finances and operations of [Swag Smokes]." FAC ¶ 7. It concludes Shinwar "authorized, directed, and/or participated in [Swag Smokes's] offer for sale, in commerce, of the Counterfeit Goods," and that his acts "were a moving, active, and/or conscious force behind [Swag Smokes's] infringement[.]" FAC ¶ 32. Similar conclusory statements are made throughout. *See* FAC at ¶ 34 (alleging the sale by Swag Smokes "under the authority, direction and/or participation of [Shinwar.]"), ¶¶ 43-47 (alleging Shinwar's "willful" acts causing damages); *see also id.* at 14-16 (requesting damages "jointly and severally for [Shinwar] and other officers and directors, for the knowing participation in the [alleged] counterfeiting activities of Shinwar[.]"). These allegations are wholly insufficient to explain how Shinwar was the 'guiding spirit' or 'central figure', such that personal liability should be imputed on him (much less other unnamed corporate officers). *See Deckers Outdoor Corp. v. Fortune Dynamic, Inc.*, 2015 WL 12731929, at *9 (C.D. Cal. May 8, 2015) (granting motion to dismiss infringement and unfair competition claims against individual defendant where the complaint's "conclusory pleading [was] insufficient to state a claim for relief"); *see also GS Holistic, LLC v. Ashes Plus Nine*, 2023 WL 5993055, at *5 (collecting cases, and noting similar issues with this plaintiff's conclusory allegations on individual defendant's personal liability).

### d) High-Frequency Litigant

Numerous courts in the Ninth Circuit have found vague and conclusory allegations made by Plaintiff to be insufficient to grant default judgment. *See GS Holistic, LLC v. Puff+ LLC*, 2024 WL 659362, at *3 (collecting cases where motion for default judgment was denied due to GS Holistic's wholly insufficient pleadings and motion); *GS*

13

*Holistic, LLC v. Kings Smokeshop*, 2024 WL 150217, at *2 (E.D. Cal. Jan. 12, 2024) (denying motion for default judgment because the complaint "has not satisfied the second and third *Eitel* factors; i.e., the merits of plaintiff's substantive claim and the sufficiency of the complaint"); *GS Holistic, LLC v. Ashes Plus Nine*, 2023 WL 5993055, at *5 ("[T]his Court and other district courts in this Circuit have found similar (if not almost identical) allegations by GS Holistic equally insufficient"); *GS Holistic, LLC v. Ravens Smoke Shop, Inc.*, 2023 WL 5504964, at *4 (C.D. Cal. July 10, 2023) ("As currently pled, these factual allegations are vague and conclusory, and need not be accepted as true."); *GS Holistic, LLC v. Alien Smoke Shop*, 2023 WL 3402589, at *1 (C.D. Cal. Mar. 17, 2023) ("Plaintiff's allegations of infringement here are insufficient to support a finding that defendants willfully infringed plaintiff's trademarks").

The undersigned is aware that other courts—including those in this district—have granted motions for default judgment on substantially similar complaints and motions filed by this Plaintiff. *See GS Holistic, LLC v. AA 110*, 2024 WL 2848455, at *7 (E.D. Cal. June 5, 2024) (granting motion for default judgment in part, but limiting damages to $5,000), report and recommendation adopted sub nom. 2024 WL 3396380 (E.D. Cal. July 12, 2024); *GS Holistic, LLC v. Nasher*, 2024 WL 1994702, at *1 (E.D. Cal. May 6, 2024) (same); *GS Holistic, LLC v. Habib's Disc.*, 2023 WL 8644103, at *7 (E.D. Cal. Dec. 14, 2023) (granting motion for default and awarding $75,000 in damages), report and recommendation adopted sub nom. 2024 WL 495139 (E.D. Cal. Feb. 8, 2024). The undersigned respectfully disagrees, and follows the approach of the many courts that have denied similar motions for default judgment brought by GS Holistic. *See, e.g., GS Holistic, LLC v. Puff+ LLC*, 2024 WL 659362, at *3; *GS Holistic, LLC v. Kings Smokeshop*, 2024 WL 150217, at *2; *GS Holistic, LLC v. Ashes Plus Nine*, 2023 WL 5993055, at *5; *GS Holistic, LLC v. Ravens Smoke Shop, Inc.*, 2023 WL 5504964, at *4; *GS Holistic, LLC v. Alien Smoke Shop*, 2023 WL 3402589, at *1.

### IV. CONCLUSION

In conclusion, the Court finds the second and third *Eitel* factors are not met, and

denies Plaintiff's motion for default judgment. *See Akrura Pte.*, 2024 WL 2982971, at *1. The Court therefore dismisses the First Amended Complaint with leave to amend because Plaintiff may be able to cure its defects. Plaintiff is instructed to ensure that any amended pleading cures defects identified in this order, if such defects can be cured, and to ensure that Plaintiff carries his burden on any subsequent motion for default judgment.

If Plaintiff elects to file an amended complaint, it should be titled "Second Amended Complaint" with reference to the appropriate case number. An amended complaint must be complete in itself without reference to any prior pleading. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967); E.D. Cal. Local Rule 220. If Plaintiff does not timely file an amended complaint, this will result in a recommendation that this action be dismissed.

**ORDER**

It is HEREBY ORDERED that:

1. Plaintiff's motion for default judgment (ECF No. 24) is DENIED WITHOUT PREJUDICE;
2. The First Amended Complaint (ECF No. 10) is DISMISSED; and
3. Plaintiff is GRANTED LEAVE to file an amended complaint within thirty (30) days of this Order.

Dated: August 19, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

3, gsho.355