UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC, | Case No. 2:23-cv-00355-CSK |
| Plaintiff, | ORDER AND FINDINGS AND RECOMMENDATIONS |
| v. | |
| SAMIULLAH SHINWAR d/b/a SWAG SMOKES, | (ECF No. 44) |
| Defendant. | |

Plaintiff GS Holistic, LLC asserts claims for "Federal Trademark Counterfeiting and Infringement, 15 U.S.C. § 1114" and "Federal False Designation of Origin[,] 15 U.S.C. § 1125(a)" against Defendant Samiullah Shinwar doing business as ("d/b/a") Swag Smokes, seeking monetary damages, restitution, an injunction, and other relief. Third Amended Complaint ("TAC") (ECF No. 36). Defendant has not made an appearance in this action, and a Clerk's Default was entered on January 12, 2026. (ECF No. 42.) Presently pending before the Court is Plaintiff's motion for default judgment (ECF No. 44), which was taken under submission without argument pursuant to Local Rule 230(g).[1]

---

[1]  This motion is referred to the undersigned pursuant to Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1)(A).

1

For the reasons that follow, the Court recommends Plaintiff's motion for default judgment be DENIED with prejudice, and the Third Amended Complaint be DISMISSED WITHOUT LEAVE TO AMEND.

## I.    BACKGROUND

### A.    Facts

The TAC alleges that since 2020, Plaintiff has marketed and sold glass infusers and related accessories using "Stündenglass" trademarks. TAC ¶ 9. Plaintiff has three registered trademarks:  (1) Mark 6,174,292 for "the design plus words mark 'S' and its logo in association with goods further identified in the registration in international class 034"; (2) Mark 6,174,291 for "the standard character mark 'Stündenglass' in association with goods further identified in registration in international class 034"; and (3) Mark 6,633,884 for "the standard character mark 'Stündenglass' in association with goods further identified in registration in international class 011."[2] *Id.* ¶ 12.

Plaintiff has used these Marks in commerce throughout the United States continuously since 2020. *Id.* ¶ 14. The TAC alleges that products branded with these Marks are "widely recognized nationally and internationally" and "known for high quality and innovation." *Id.* ¶ 9. The TAC alleges the Marks are famous, distinctive, and popular with consumers, celebrities, and industry professionals. *Id.* ¶¶ 15, 17, 19-20. The TAC alleges the Marks are exclusive to Plaintiff, clearly displayed on its products, packaging, and advertisements, and the subject of substantial time and money investment for Plaintiff. *Id.* ¶¶ 16, 18. Plaintiff authorizes stores in the United States to sell products bearing the Marks, which typically sell for a higher price than similar non-branded

---

[2]   The Nice Agreement establishes a classification of goods and services for the purposes of registering trademarks and service marks. Class 11 goods include "apparatus and installations for lighting, heating, cooling, steam generating, cooking, drying, ventilating, water supply and sanitary purposes." Class 34 goods include "tobacco and tobacco substitutes; cigarettes and cigars; electronic cigarettes and oral vaporizers for smokers; smokers' articles; matches." *See* List of Goods and Services in Class Order, Nice Classification Index, accessed June 3, 2026, 11:04 a.m., available at https://nclpub.wipo.int/enfr/.

products. *Id.* ¶¶ 21-22. Because of the above, the TAC alleges that products with these Marks are targeted by counterfeiters, which in turn misleads consumers, tarnishes Plaintiff's public image, and affects Plaintiff's sales of authentic products to legitimate store owners. *Id.* ¶¶ 23-26. Plaintiff actively enforces its rights to protect its Marks, often through litigation. *Id.* ¶ 27.

Defendant Shinwar is alleged to be an individual who owns, manages, and operates a business known as "Swag Smokes," a sole proprietorship with its principal place of business in Stockton, California. *Id.* ¶¶ 6-8. The TAC states Defendant has previously offered to sell glass infusers bearing reproductions or imitations of Plaintiff's Marks. *Id.* ¶¶ 29-31. Specifically, the TAC alleges that on October 26, 2022, Plaintiff's investigator visited Swag Smokes and "observed one Gravity Infuser device on display that bore marks identical or substantially indistinguishable from the Stündenglass Marks," which the investigator purchased from the store for $270. *Id.* ¶ 31. Plaintiff's investigator observed the absence of Plaintiff's authentication sticker, packaging inconsistencies including a missing cleaning kit and "differences in brightness, color contrast, and label design," and the use of lower-quality materials. *Id.* ¶ 32. The TAC states that the investigator's observations confirmed the product "was intended to imitate the appearance of authentic Stündenglass Gravity Infusers" and was a counterfeit. *Id.* ¶ 33. The TAC concludes Defendant Shinwar willfully "authorized, directed, and/or participated" in Swag Smokes's offer for sale of the "Counterfeit Goods" and its infringement of the Marks, which occurred without Plaintiff's authorization and after registration of the Marks. *Id.* ¶¶ 36, 39, 40, 50.

Plaintiff contends it has suffered losses and damage to its brand, business reputation, and goodwill because of Defendant's acts, which are "likely to cause confusion, mistake, or deception among reasonably prudent consumers." *Id.* ¶¶ 42-49, 51. Plaintiff prays for statutory and treble damages; costs; an order enjoining Defendant's sale of any counterfeit Stündenglass product and an order for destruction of products bearing the Marks; an accounting and disgorgement of profits/restitution; and

other relief. *Id.* at 19-21.

**B.    Procedural Posture**

Plaintiff initiated this action on February 26, 2023, asserting claims against Swag Smokes for Federal Trademark Counterfeiting and Infringement, 15 U.S.C. § 1114 and Federal False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a). (ECF No. 1.) The Clerk of the Court entered default against Swag Smokes, but after Plaintiff requested leave to amend, this default was set aside. (ECF Nos. 5-9.) Plaintiff's First Amended Complaint ("FAC") was filed on July 18, 2023, and asserted the same claims against Defendant Shinwar d/b/a Swag Smokes. *See* FAC (ECF No. 10). The Clerk of Court entered default against Defendant on November 3, 2023. (ECF No. 19.)

On December 8, 2023, Plaintiff filed a motion for default judgment. (ECF No. 24.) The Court denied the motion without prejudice and dismissed the FAC with leave to amend on August 20, 2024. 8/20/2024 Order (ECF No. 29). Plaintiff's motion for default judgment was denied for failure to satisfy the second and third *Eitel* factors because the FAC did not sufficiently allege the elements for Defendant's use of Plaintiff's trademarks and for the sale of counterfeit goods or likelihood of confusion, as required to establish claims for trademark infringement and false designation of origin. 8/20/2024 Order at 8-12. The Court instructed Plaintiff to ensure that any amended pleading cured the defects identified in the August 20, 2024 Order and to ensure Plaintiff carried its burden on any subsequent motion for default judgment. *Id.* at 15. On September 19, 2024, Plaintiff filed the Second Amended Complaint ("SAC"). (ECF No. 30.)

After the SAC was filed, Plaintiff took no further action until the Court issued an Order to Show Cause ("OSC") on April 1, 2025, requiring a response from Plaintiff within 14 days. 4/1/2025 OSC (ECF No. 31). Plaintiff served the SAC on Defendant on May 3, 2025. (ECF No. 33.) After Plaintiff again took no action to advance the case after service of the SAC, the Court issued another order on October 15, 2025, requiring a response from Plaintiff within 14 days. 10/15/2025 Order (ECF No. 34). On October 29, 2025, Plaintiff filed a status report requesting permission to proceed with a Third Amended

4

Complaint. (ECF No. 35.) The Court granted Plaintiff leave to amend one last time and to proceed on the operative TAC, warning that further amendment would not be permitted. 11/6/2025 Order at 2 (ECF No. 37). The TAC was served on November 17, 2025. (ECF No. 38.) The Clerk of Court entered default against Defendant on January 12, 2026. (ECF No. 42.) On February 6, 2026, after further delay from Plaintiff, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to prosecute or file a motion for default judgment. 2/6/2026 OSC (ECF No. 43). Plaintiff filed the operative motion for default judgment on February 27, 2026. Pl. Mot. (ECF No. 44). Plaintiff served the operative motion papers on Defendant by mail at Defendant's residence. (ECF No. 48.) Defendant did not respond to the motion for default judgment. *See* Docket. On March 27, 2026, the Court issued an order taking Plaintiff's motion under submission; vacating the hearing; ordering a written response from Defendant by April 10, 2026; and directing Plaintiff to serve Defendant with a copy of the Court's order. 3/27/2026 Order (ECF No. 51). A copy of the March 27, 2026 Order was served on Defendant by mail on April 17, 2026. (ECF No. 52.) Defendant did not respond. *See* Docket.

## II.    LEGAL STANDARDS

Under Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a). However, this default does not automatically entitle the plaintiff to a judgment. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citations omitted). The decision to grant or deny the entry of default judgment is within the district court's discretion. *NewGen, LLC v. Safe Cig, LLC,* 840 F.3d 606, 616 (9th Cir. 2016).

In determining whether to enter default judgment, courts consider the following factors:

    1.  the possibility of prejudice to the plaintiff;

    2.  the merits of the substantive claim(s);

5

3.  the sufficiency of the complaint;

4.  the amount of money at stake in the lawsuit;

5.  whether there are any disputes of material fact;

6.  whether the defendant's default was due to excusable neglect; and

7.  the strong policy favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The Ninth Circuit has long disfavored default judgments, counseling that cases be decided on the merits "whenever reasonably possible." *Id*. at 1472.

Once a default is entered, all well-pleaded allegations in the complaint regarding liability are deemed true. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *United States v. Cathcart*, 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010) (citation omitted). "[I]t follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Necessary facts not contained in the pleadings and claims which are legally insufficient are not established by default. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). Further, a plaintiff's allegations regarding damages are not deemed true at default, and the plaintiff bears the burden to prove damages with evidence. *See* Fed. R. Civ. P. 55(b)(2)(C); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

**III.    DISCUSSION**

**A.    Jurisdiction**

When default judgment is sought, the "district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (citations omitted). The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under federal trademark law, 15 U.S.C. § 1051, *et seq.* In addition, the Court has personal jurisdiction over Defendant

Shinwar, who is alleged to be domiciled in California. TAC ¶ 8. The Court's jurisdiction analysis is not a finding that the claims are sufficiently pleaded.

**B.    Default Judgment**

1.    <u>Service of Complaint</u>

In reviewing a motion for default judgment, the Court must determine whether Defendant was properly served with the summons and complaint. Fed. R. Civ. P. 4(c). Here, a third-party process server personally delivered a copy of summons, the Court's November 6, 2025 order, and the TAC to Defendant Samiullah Shinwar. (ECF No. 38.) Accordingly, Defendant was properly served. *See* Fed. R. Civ. P. 4(e)(2)(A).

2.    <u>*Eitel* Factors</u>

Turning to the asserted claims, Plaintiff's first claim is stated as one for "Federal Trademark Counterfeiting and Infringement" under 15 U.S.C. § 1114. TAC at 16-18. The TAC also alleges a claim for "Federal False Designation of Origin" under 15 U.S.C. § 1125(a). *Id.* at 18-19. The Court has carefully reviewed the TAC and finds it deficient because, under the *Eitel* factors, the second and third factors are not established. These two factors—the merits of the claims and the sufficiency of the complaint—are often analyzed together. *Stockfood Am., Inc. v. Sequoia Wholesale Florist, Inc.*, 2021 WL 4597080, at *3 (N.D. Cal. June 22, 2021), *report and recommendation adopted*, 2021 WL 4595128 (N.D. Cal. Oct. 6, 2021). This is sufficient grounds for denying a motion for default judgment. *See GS Holistic, LLC v. Ravens Smoke Shop*, Inc., 2023 WL 5504964, at *3 (C.D. Cal. July 10, 2023) ("[T]he Court may render judgment based on an assessment of the second and third *Eitel* factors alone.").

a)    *Trademark Infringement and Counterfeiting*

To state a claim for trademark infringement, a plaintiff must adequately allege it is the owner of a valid, protectable mark, and the alleged infringer is using a similar mark that is likely to confuse. *See Grocery Outlet Inc. v. Albertson's Inc.*, 497 F.3d 949, 951 (9th Cir. 2007). Courts determine the likelihood of confusion by considering: (1) the strength of the mark; (2) the proximity of the goods; (3) the similarity of the marks; (4) the

evidence of actual confusion; (5) the marketing channels used; (6) the type of goods and degree of care consumers are likely to exercise in purchasing them; (7) the intent of the defendant in selecting the mark; and (8) the likelihood that the parties will expand their product lines. *Lodestar Anstalt v. Bacardi & Co. Ltd.*, 31 F.4th 1228, 1252 (9th Cir. 2022) (*citing AMF Incorporated v. Sleekcraft Boats*, 599 F.2d 341, 348-54 (9th Cir. 1979) (*abrogated on other grounds by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792 (9th Cir. 2003))). When analyzing a claim brought under a counterfeiting theory, courts need not engage in a likelihood of confusion analysis because a defendant who "deliberately copies the dress of his competitors already in the field . . . raises a presumption that customers will be deceived." *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 946 (9th Cir. 2011) (citations omitted). Instead, courts examine whether the defendant used a non-genuine mark identical to or substantially indistinguishable from the plaintiff's registered, genuine mark, and the genuine mark was registered for use on the same goods to which the infringer applied the non-genuine mark. *Id.*

Here, the TAC adequately alleges the existence of one or more valid trademarks to support Plaintiff's § 1114 infringement/counterfeit claim. The TAC alleges Plaintiff owns three registered trademarks:  (1) Mark 6,174,292 for "the design plus words mark 'S' and its logo in association with goods further identified in the registration in international class 034"; (2) Mark 6,174,291 for "the standard character mark 'Stündenglass' in association with goods further identified in registration in international class 034"; and (3) Mark 6,633,884 for "the standard character mark 'Stündenglass' in association with goods further identified in registration in international class 011." TAC ¶¶ 12(a)-(c). Registration of a mark on the Principal Register in the Patent and Trademark Office constitutes prima facie evidence of the validity of the registered mark. *Applied Info. Scis. Corp. v. eBAY, Inc.*, 511 F.3d 966, 970 (9th Cir. 2007).

However, even accepting all well-pleaded factual allegations as true as required for default judgment motions, the TAC does not allege sufficient facts to support

8

plausible allegations that Defendant used Plaintiff's Marks in an infringing or counterfeiting manner.

First, despite Plaintiff being expressly warned that its FAC was deficient and being provided two additional opportunities to amend after the FAC was dismissed, the TAC continues to be deficient and lacks sufficient factual allegations to plausibly conclude Defendant used Plaintiff's trademarks. *See* 8/20/2024 Order; *see also GS Holistic, LLC v. J's Smoke Shop*, 2024 WL 1054899, at *2 (E.D. Cal. Mar. 11, 2024) (denying motion for default judgment where, among other things, plaintiff failed to specify which of its three trademarks was used); *GS Holistic, LLC v. Pudasaini,* 2024 WL 710890, at *4 (N.D. Cal. Feb. 21, 2024) (same); *GS Holistic, LLC v. Bubbles Smoke Shop*, 2023 WL 6787773, at *3 (C.D. Cal. Sept. 5, 2023) (same). The TAC states that on October 26, 2022, Plaintiff's investigator "observed one Gravity Infuser device on display that bore marks identical or substantially indistinguishable from the Stündenglass Marks" and that the "investigator purchased one Gravity Infuser from the store for $270.00." TAC ¶ 31. Although Plaintiff alleges that all three trademarks were applied to the glass infuser purchased at Defendant's store, *id.* ¶ 30, and includes photographs of these trademarks, *id.* at Exh. B (ECF No. 36-2), Plaintiff fails to address how one single product could infringe on two different international classes of goods. Plaintiff's motion for default judgment is no help either, as it simply states Defendant "infringed on three of the Plaintiff's trademarks with the Registration Numbers 6,633,884, 6,174,292 and 6,174,291." Pl. Mot. at 21. In addition, review of the photographs attached to the TAC indicate Defendant's product is utilized for smoking and does not indicate it can be used as a food and beverage infuser. *See* TAC at Exh. B (ECF No. 36-2). Plaintiff also does not address this discrepancy, which is problematic given Plaintiff seeks damages for infringement as to all three trademarks. Thus, the TAC is deficient for lack of necessary facts. *See DIRECTV*, 503 F.3d at 854; *see also GS Holistic, LLC v. J's Smoke Shop*, 2024 WL 1054899, at *2 (denying motion for default judgment where, among other things, plaintiff failed to specify which of its three trademarks was used); *GS Holistic,*

*LLC v. Pudasaini,* 2024 WL 710890, at *4 (same); *GS Holistic, LLC v. Bubbles Smoke Shop*, 2023 WL 6787773, at *3 (same).

Further, although the TAC alleges "[o]n information and belief, Defendant's unauthorized use of the Stündenglass Marks commenced after the registration of the Marks in 2020," TAC ¶ 39, it does not provide when this allegedly began—much less provide any other details about Defendant's allegedly infringing actions. The Court cannot supply necessary facts that are omitted from the TAC. *DIRECTV*, 503 F.3d at 854; *see also GS Holistic, LLC v. Puff+ LLC*, 2024 WL 659362, at *3 (E.D. Cal. Feb. 16, 2024) (rejecting the plaintiff's default judgment motion where the complaint lacked details on the defendant's alleged use where only one instance was alleged); *GS Holistic, LLC v. Ashes Plus Nine*, 2023 WL 5993055, at *4 (N.D. Cal. Aug. 25, 2023) (same).

### b)    False Designation of Origin

To establish a claim for false designation of origin under 15 U.S.C. § 1125(a), a plaintiff must show the defendant used a false designation of origin in interstate commerce that is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of defendants' goods or services. *Freecycle Network, Inc. v. Oey*, 505 F.3d 898, 902 (9th Cir. 2007). Claims for false designation of origin, as a type of unfair competition claim, are analyzed similarly to infringement claims because the "ultimate test" for these claims are the same: the public's likelihood of confusion. *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 632 (9th Cir. 2008) (using the same likelihood of confusion test to analyze trademark infringement and false designation of origin claims); *see also Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999) (considering false designation of origin claim as one of "unfair competition"); *Champions Golf Club, Inc. v. The Champions Golf Club, Inc.*, 78 F.3d 1111, 1122-23 (6th Cir. 1996) ("[F]alse designation is simply a species of unfair competition.") (citing *McCoy v. Mitsuboshi Cutlery, Inc.*, 67 F.3d 917, 923 (Fed. Cir. 1995)).

Here, the Court has already determined the TAC fails to state an infringement claim because the TAC deficiently alleges Defendant's infringing actions. Plaintiff relies

10

on the exact same allegations for its false designation of origin claim. Pl. Mot. at 14-16. Thus, the result is the same for the false designation of origin claim brought under 15 U.S.C. § 1125(a). *See Jada*, 518 F.3d at 632; *see also GS Holistic, LLC v. J's Smoke Shop*, 2024 WL 1054899, at *3 (denying default judgment motion on plaintiff's false designation claim on the same grounds as on the infringement claim—for failure of the complaint to state sufficient claims and failure on the merits); *GS Holistic, LLC v. Puff N Go Gift Shop LLC*, 2023 WL 4146232, at *5 (N.D. Cal. June 22, 2023) (same).

For the foregoing reasons, Plaintiff has failed to establish the second and third *Eitel* Factors and its motion for default judgment should be denied for failure to state a claim under 15 U.S.C. §§ 1114 and 1125(a).

**C.    Federal Actions Related to Plaintiff's Stündenglass Trademarks**

Plaintiff has brought many similar, if not identical, claims about its Stündenglass trademarks against other defendants. *See GS Holistic, LLC v. Mr Vape Smoke Shop*, 2024 WL 4545885, at *3 (E.D. Cal. Oct. 22, 2024) (collecting cases). Numerous courts in the Ninth Circuit have found vague and conclusory allegations made by Plaintiff to be insufficient to grant default judgment. *See GS Holistic, LLC v. Puff+ LLC*, 2024 WL 659362, at *3 (collecting cases where motion for default judgment was denied due to GS Holistic's wholly insufficient pleadings and motion); *GS Holistic, LLC v. Kings Smokeshop*, 2024 WL 150217, at *2 (E.D. Cal. Jan. 12, 2024) (denying motion for default judgment because the complaint "has not satisfied the second and third Eitel factors; i.e., the merits of plaintiff's substantive claim and the sufficiency of the complaint"); *GS Holistic, LLC v. Ashes Plus Nine*, 2023 WL 5993055, at *5 ("[T]his Court and other district courts in this Circuit have found similar (if not almost identical) allegations by GS Holistic equally insufficient"); *GS Holistic, LLC v. Ravens Smoke Shop, Inc.*, 2023 WL 5504964, at *4 (C.D. Cal. July 10, 2023) ("As currently pled, these factual allegations are vague and conclusory, and need not be accepted as true."); *GS Holistic, LLC v. Alien Smoke Shop*, 2023 WL 3402589, at *1 (C.D. Cal. Mar. 17, 2023) ("Plaintiff's allegations of infringement here are insufficient to support a finding that

defendants willfully infringed plaintiff's trademarks").

The undersigned is aware that other courts—including those in this district—have granted motions for default judgment on substantially similar complaints and motions filed by this Plaintiff. *See GS Holistic, LLC v. Monterey Gift Shop*, 2025 WL 2684386, at *7 (N.D. Cal. May 15, 2025) (granting motion for default judgment in part, but limiting damages to $5,000)*, report and recommendation adopted*, 2025 WL 2684332 (N.D. Cal. July 22, 2025); *GS Holistic, LLC v. AA 110*, 2024 WL 2848455, at *7 (E.D. Cal. June 5, 2024) (same), *report and recommendation adopted*, 2024 WL 3396380 (E.D. Cal. July 12, 2024); *GS Holistic, LLC v. Nasher*, 2024 WL 1994702, at *1 (E.D. Cal. May 6, 2024) (same); *GS Holistic, LLC v. Habib's Disc.*, 2023 WL 8644103, at *7 (E.D. Cal. Dec. 14, 2023) (granting motion for default and awarding $75,000 in damages), *report and recommendation adopted*, 2024 WL 495139 (E.D. Cal. Feb. 8, 2024). The undersigned respectfully disagrees, and follows the approach of the many courts that have denied similar motions for default judgment brought by GS Holistic. *See, e.g.*, *GS Holistic, LLC v. Puff+ LLC*, 2024 WL 659362, at *3; *GS Holistic, LLC v. Kings Smokeshop*, 2024 WL 150217, at *2; *GS Holistic, LLC v. Ashes Plus Nine*, 2023 WL 5993055, at *5; *GS Holistic, LLC v. Ravens Smoke Shop, Inc.*, 2023 WL 5504964, at *4; *GS Holistic, LLC v. Alien Smoke Shop*, 2023 WL 3402589, at *1.

### D.    Failure to State a Claim

District courts have discretion whether to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Where a complaint fails to state a claim, default judgment may not be entered. *See id.* at 1092 (affirming the district court's denial of default judgment where plaintiff's claims lacked merit); *DIRECTV*, 503 F.3d at 854-56 (holding "[t]he district court properly refused to grant default judgment" where a plaintiff's complaint was not well-pleaded and instead provided only "legal conclusions" that defendants were "not held to have admitted through default"). Accordingly, because Plaintiff has again failed to state a claim as to trademark counterfeiting and infringement under 15 U.S.C. § 1114, and false designation of origin and unfair competition under

15 U.S.C. § 1125(a), Plaintiff's motion for default judgment should be DENIED.

### E.    Dismissal Without Leave to Amend

Plaintiff has failed to cure the deficiencies of its claims despite being informed of the deficiencies and being provided ample opportunity to do so. *See* 8/20/2024 Order. Accordingly, the Court finds further amendment would be futile. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (affirming district court's dismissal with prejudice because "where the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, 'the district court's discretion to deny leave to amend is particularly broad'"). Here, Plaintiff's TAC continues to rely on conclusory allegations that are insufficient to state a claim despite awareness of the applicable legal standards and deficiencies in its prior pleading. Therefore, Plaintiff's TAC should be DISMISSED without leave to amend.

## IV.    CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1.    The Clerk of Court shall randomly assign a district judge to this action.

Further, based upon the findings above, IT IS RECOMMENDED:

1.    Plaintiff's motion for default judgment (ECF No. 44) be DENIED;

2.    The Third Amended Complaint (ECF No. 36) be DISMISSED without leave to amend; and

3.    The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449,

13

455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  June 10, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, gsho.0355.23